COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO.
2-07-054-CV

 

 

IN THE
INTEREST OF S.K.B.,

 

A CHILD                                                                                             

 

                                              ------------

 

            FROM THE 393RD
DISTRICT COURT OF DENTON
 COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








In this custody enforcement action, Appellant Keith Donald B., father of S.K.B. (the child),
appeals from the order of the Denton County trial court declining jurisdiction
and granting the special appearance of the child=s
mother, appellee Miwa Shinzato B.  In
three points, Keith contends that the trial court=s ruling
that it had jurisdiction at the time of the 2003 divorce cannot now be
attacked, that full faith and credit should be given the trial court=s 2003
custody determination under the Parental Kidnapping Prevention Act, and that
his appearance before a Japanese court and the Japanese judgment entered after
the trial court=s divorce decree did not result
in a transfer of continuing jurisdiction from Texas to Japan.  We affirm.

The child was born on March 21, 2000, in Kentucky.  In March 2001, she and Miwa moved to Japan, where
they lived until September 2002.  At that
point, they returned to the United States
and lived with Keith in Lewisville,
 Texas.  Almost three months later, on December 17,
2002, Miwa went back to Japan,
leaving the child with Keith. 
Approximately three months later, on March 19, 2003, Miwa returned to Lewisville to discuss a proposed agreed divorce with
Keith; she went back to Japan
with the child on March 27, 2003. She and the child have lived in Japan since
that time.  In all, the child lived in Lewisville, Texas,
approximately six months.

On April 3, 2003, a week after Miwa took the
child back to Japan, Keith
filed for divorce in Denton
 County.  On August 15, 2003, the trial court signed a
default judgment granting the Brockways=
divorce, naming Keith as sole managing conservator with the right to establish
the primary residence of the child, and naming Miwa as possessory conservator
with no standard visitation rights.   








In September 2003, Keith traveled to Japan, and he
took the child from her mother on September 14. 
On September 16, Miwa filed a petition in Japan
for custody; according to Keith=s brief
and his lawyer=s argument at the hearing, Keith
also filed a petition for divorce and custody in Japan in September 2003.  Later in the month, Keith relinquished the
child to Miwa at the airport and returned to the United States alone.  He moved to Connecticut. 


Almost two years later, in August 2005, Keith
filed a motion for enforcement of possession or access and a petition for writ
of habeas corpus in the trial court in Denton County.  On November 14, 2005, Miwa filed a special
appearance and request for the trial court to decline jurisdiction.  At some point after Keith filed the motion to
enforce but before the trial court heard the special appearance on November 27,
2006, the Japanese court ruled on Keith and Miwa=s
competing petitions in Japan
(it is unclear whether these are the original petitions filed in September 2003
or subsequent petitions).  The Japanese
court decided that Keith should continue to have Asole
custody@ but
that Miwa should have physical custody. 
In its judgment, the Japanese court pointed out that Miwa and the child
have lived in Japan since
March 2003 and that Keith has a home of his own in Connecticut. 
The Denton
 County trial court
declined jurisdiction and granted Miwa=s
special appearance on February 16, 2007.








Under the Uniform Child Custody Jurisdiction and
Enforcement Act (UCCJEA), we treat Japan as a sister state.[2]  Section 152.202 of the family code provides
that in cases like this,

(a) . . . [A]
court of this state which has made [an initial] child custody determination . .
. has exclusive continuing jurisdiction over the determination until:

 

(1) a court of this state determines that neither the child, nor the
child and one parent, nor the child and a person acting as a parent have a
significant connection with this state and that substantial evidence is no
longer available in this state concerning the child=s care, protection,
training, and personal relationships;  or

 

(2) a court of this state or a court of another state determines that
the child, the child=s parents, and any person
acting as a parent do not presently reside in this state.[3]

 

If a provision of the UCCJEA conflicts with any other law in this
state, and the  conflict cannot be
reconciled, the UCCJEA prevails.[4]








The record in the trial court shows that at the
time the motion to enforce was filed, Miwa and the child lived in Japan, Keith lived in Connecticut,
and the parents= petitions were pending in Japan.  During the pendency of the Denton County
proceedings, the Japanese court determined that it had jurisdiction and
exercised it, and it also pointed out in its judgment that at the time of the
judgment, Miwa and the child lived in Japan
and Keith lived in Connecticut.  Consequently, we cannot say that the Denton County
trial court erred by declining jurisdiction and granting Miwa=s
special appearance in this case.[5]  We overrule all of Keith=s points
and affirm the trial court=s
judgment. 

PER CURIAM

PANEL F: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DELIVERED:  June 26, 2008

 











[1]See
Tex. R. App. P.
47.4.





[2]See Tex. Fam. Code Ann. ' 152.105 (Vernon 2002). 





[3]Id. ' 152.202(a).





[4]Id. ' 152.002.





[5]See id.; In re Lewin, 149
S.W.3d 727, 736B37 (Tex. App.CAustin 2004, orig.
proceeding) (holding that trial court erred by failing to recognize that
Canadian court had already determined that neither the parents nor the child
resided in Texas).